UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 1:21-cr-00257-RDM |
| | : | |
| RONNIE B. PRESLEY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION FOR CONTINUED DETENTION PENDING TRIAL

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves for an order, pursuant to 18 U.S.C. § 3142(f), that defendant Ronnie B. Presley continued to be detained pending trial, pursuant to 18 U.S.C. § 3142(e).

Introduction and Background

Defendant Presley is one of hundreds of individuals charged with crimes relating to the January 6, 2021 attack on the Capitol. For his role in the attack he has been charged in an eight-count Superseding Indictment (ECF no. 22) with: Interfering With a Police Officer During a Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count Two); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Three); Engaging in Disorderly Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Four); Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) (Count Five); Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(E)(2)(d) (Count Six): Impeding Passage Through the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(E)(2)(E) (Count Seven): and Parading or Demonstrating in a Capitol Building, in violation of 40 U.S.C. § 5104(E)(2)(G) (Count Eight). Counts One and Two are both felonies.

The defendant has pled not guilty.

Prior to indictment an arrest warrant and complaint had been issued against the defendant (by the Hon. Zia M. Faruqui, U.S. Magistrate Judge, District of Columbia), on January 29, 2021, for six of these same charges, including the charges in Counts One and Two.  On March 5, 2021, the warrant was executed when the defendant was arrested at a residence in Old Hickory, Tennessee.

On March 8, 2021, the defendant appeared, via video teleconference from the Nashville Downtown Detention Center, before the Honorable Barbara D. Holmes, U.S. Magistrate Judge, Middle District of Tennessee, for an initial appearance.  The court advised the defendant as to the charges in the complaint and of his various rights.  The defendant then waived his right to an identity hearing to determine whether he was in fact the person charged in the complaint from the District of Columbia.  The government moved that the defendant be detained, pending a detention hearing.  The court, Magistrate Judge Holmes, granted the government's motion and ordered the defendant held pending a preliminary and detention hearing, in the Middle District of Tennessee, on March 12, 2021.

On March 12, 2021, the defendant again appeared before Magistrate Judge Holmes. During this hearing, the defendant elected to waive his right to a preliminary and to a detention hearing in the Middle District of Tennessee.  Magistrate Judge Holmes then ordered him held pending further proceedings in the District of Columbia.

On March 18, 2021, the defendant appeared in the District of Columbia, via video teleconference from the Grayson County (Ky.) Detention Center, before Magistrate Judge Faruqui.  During this hearing the government moved for temporary detention, which the court granted, pending a preliminary and detention hearing on March 30, 2021.

On March 26, 2021, the defendant was charged by indictment (ECF no. 8) on the same eight counts for which he would be later charged in the Superseding Indictment. As a result, the case pending before Magistrate Judge Faruqui was closed and the hearing set for March 30, 2021 was vacated.

On April 6, 2021, the defendant was arraigned before this Court on the original indictment and entered a plea of not guilty. During the same hearing the defendant, according to the docket entry, "acknowledged that he has waived his right to a detention hearing."

Accordingly, the defendant has been continuously detained in this case since March 8, 2021. Recently, on June 17, 2022, the defendant requested that this Court schedule a detention hearing, which is now set for June 30, 2022.

The government, by this motion, asks that the Court continue to detain the defendant pending trial, under 18 U.S.C. § 3142(e), as there is no condition or combination of conditions that will reasonably assure the defendant's appearance in court as required.

Argument

1. There are two grounds to hold a detention hearing.

Under the bail statute, a judicial officer shall hold a hearing to determine whether there is a condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community in two sets of circumstances: if the defendant is charged with a crime of violence or certain other serious crimes, or is charged with a felony and has prior convictions for certain types of offenses, under 18 U.S.C. § 3142(f)(1); or if there is a serious risk that the defendant will flee or obstruct (or attempt to obstruct) justice or threaten, intimidate or injure a prospective witness or juror, under 18 U.S.C. § 3142(f)(2). In making its ruling, the Court must consider: (1) the nature and circumstances of the offense

charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including:

> (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings, and
> (B) whether, at the time of the current offenses the [defendant] was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of sentence for an offense; and

(4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g).

In this case the defendant satisfies both grounds for a hearing. First, he has been charged with at least one felony and has at least two prior convictions, under State or local law, for crimes of violence. *See id.* § 3142(f)(1)(A), (D). In particular, as set out in the pretrial services report, the defendant was convicted in 1997, under Tennessee law, of two counts of burglary—other than a habitation; and was convicted in 2020, under Tennessee law, of domestic assault.[1]

Second, the government submits, as explained more fully below, that there is a serious risk that the defendant will flee if he is released. *See id.* § 3142(f)(2)(A).

2. <u>The 3142(g) factors lead to the conclusion that there is no condition or combination</u>

---

[1] The bail statute defines "crime of violence" as:

> (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
> (C) any felony under [18 U.S.C.] chapter 77 [(involving peonage and slavery)], 109A [(involving sexual abuse)], 110 [(involving child abuse)], or 117 [(transportation of an individual in commerce for prostitution).]

18 U.S.C. § 3156(4). The Court of Appeals for our circuit has indicated that burglary is a crime of violence under this provision. *United Sates v. Singleton*, 377 U.S. App. D.C. 96, 103-04 & n.14 (1999); *see also United States v. Cruikshank*, 150 F. Supp. 2d 1112, 1115 (D. Colo. 2001) (so holding).

4

<u>of conditions that will reasonably assure the defendant's appearance in court as required.</u>

(1) <u>The nature and circumstances of the offenses charged.</u>

In this case the nature and circumstances of the offenses charged, all of which involve the January 6, 2021 attack on the Capitol, are very serious. The Court of Appeals for our circuit has observed that "the violent breach of the Capitol on January 6 was a grave danger to our democracy." *United States v. Munchel*, 451 U.S. App. D.C. 294, 305, 991 F.3d 1273, 1284 (2021). Judge Moss has rightly described it as "a singular and chilling event in U.S. history, raising legitimate concern about the security—not only of the Capitol building—but of our democracy itself." *United States v. Cua*, No. 21-cr-107, 2021 WL 918255, at *3 (D.D.C. Mar. 10, 2021) (Judge Moss); *see also United States v. Foy*, No. 21-cr-108 (D.D.C. June 30, 2021) (Doc. 41, Hrg. Tr. at 14) ("This is not rhetorical flourish. This reflects the concern of my colleagues and myself for what we view as an incredibly dangerous and disturbing attack on a free electoral system.") (Judge Chutkan); *United States v. Chrestman*, 535 F. Supp. 3d 14, 25 (D.D.C. 2021) ("The actions of this violent mob, particularly those members who breached police lines and gained entry to the Capitol, are reprehensible as offenses against morality, civic virtue, and the rule of law.") (Chief Judge Howell).

Accordingly, the government submits that this first factor weighs in favor of detention.

(2) <u>The weight of the evidence against the defendant.</u>

This factor also weighs in favor of detention. As this Court probably expects, the government's evidence in this case consists of audio-visual recordings that captured the defendant inside and near the Capitol on January 6, 2021. These recordings show the defendant, who was not wearing any facial covering, close up, such that there is no room for doubt that it is indeed the defendant in the recording. They also capture him speaking to a person live-

streaming the attack, where he identifies himself by first and last name and urges other people to come to the Capitol. In another recording he openly brags that "I'm the guy who got you in this building."

(3) <u>The history and characteristics of the defendant.</u>

This defendant has a significant criminal history that, as set out in the pretrial services report, include convictions for two counts of burglary and for domestic assault. While on probation for his burglary convictions, in 2000 and 2001, he was found to have violated his probation terms, apparently in connection with being convicted, during that period, of reckless endangerment and driving under the influence.

Most significantly, the defendant was placed on probation in on July 22, 2020, for a period of 11 months and 29 days, for committing a domestic assault in 2019. Accordingly, he was on probation when he committed the offenses he is currently facing.

This factor therefore also cuts in favor of pretrial detention.

(4) <u>The nature and seriousness of danger to any person or the community.</u>

The government is not seeking detention on the grounds of dangerousness and therefore concedes that this factor does not support pretrial detention.

3. <u>The defendant's conduct after January 6, 2021, and prior to his arrest, shows he is a risk of flight.</u>

Based on the available evidence, the defendant apparently returned to the Nashville area, where he generally resides, shortly after the attack on the Capitol.

As discussed above, the arrest warrant was issued for the defendant on January 29, 2021.

On February 23, 2021, an agent for the FBI spoke by phone with the defendant and they discussed the fact that the FBI was looking for the defendant.[2] The agent advised the defendant that he had federal criminal charges against him and that he needed to turn himself in. The defendant said he knew that the FBI had been to his parents' home in Westmoreland, Tennessee (which was in fact the case) and advised the agent that he was no longer in "central Tennessee" but was instead "out east." The defendant told the agent he would call back the FBI agent, but he did not say that he was willing to turn himself in.

Meanwhile, on the same date, court-authorized surveillance of the defendant's telephone showed that the phone traveled out of Tennessee, first to Georgia, and then to Florida.

On February 24, 2021, an agent for the FBI again spoke with the defendant on the phone. On this occasion, the agent expressly told the defendant that there was an outstanding warrant to arrest him on federal charges and again told the defendant that he needed to turn himself in. The defendant would not agree to do so.

Thereafter, an intermediary contacted the FBI on behalf of the defendant by phone on March 2 and then again on March 3, 2021. The intermediary explained that the defendant wanted to turn himself in, but wanted to speak to his children first. The intermediary did not offer any timetable as to when the defendant would in fact turn himself in.

Finally, on March 5, 2021, based on surveillance of the defendant's phone, he was determined to be inside a trailer in Old Hickory, Tennessee. FBI agents conducted surveillance and then knocked on the trailer door, announcing their presence. The defendant did not respond.

---

[2]Between January 29 and February 23, 2021, plans to arrest the defendant had to be canceled on one occasion due to the defendant unexpectedly driving away from a location and then on another occasion due to consecutive snowstorms a few days apart.

The defendant was eventually located hiding in a crawl space within the foundation under the trailer, which could only be accessed from the exterior of the trailer, and was placed under arrest. The defendant later explained to an FBI agent that he knew the agents were outside the trailer and that he had waited until what he suspected was an unmarked law enforcement vehicle happened to drive away. The defendant stated he took the opportunity to exit the trailer and then to go into the crawl space. He readily admitted he would not have come out of the crawl space had the agents not found him.

## Conclusion

The government submits that the foregoing facts and circumstances show that the defendant is a serious risk of flight, that there is no condition or combination of conditions that will reasonably assure his appearance in court as required, and that he should therefore continue to be detained pending trial, pursuant to 18 U.S.C. § 3142(e)(1).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

by:   /s/*Michael C. Liebman*
Michael C. Liebman
Assistant United States Attorney
D.C. Bar No. 479562
601 D Street, N.W., room 4-1501
Washington, D.C.  20530
(202) 252-7243
michael.liebman@usdoj.gov